**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIEL L. KENTALA,**

      **Plaintiff,**

v.                                              Case No:   6:20-cv-1528-DAB

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

---

**ORDER**

The following Motion was considered without oral argument:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) (Doc. No. 43)** |
| **FILED:** | **January 27, 2023** |

It is **ORDERED** that the motion is **GRANTED**.

## I.  BACKGROUND

On August 28, 2020, Claimant entered into a contingency fee agreement (the "Agreement") in which he agreed to pay his counsel twenty-five percent of the total past-due benefits due to him. Doc. No. 43 at 3; Doc. No. 43-2. On October 14, 2021, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings

under sentence four of 42 U.S.C. § 405(g). Doc. No. 37. On February 1, 2022, Claimant moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 41. On the same day, this Court awarded $5,619.27 in attorney's fees under the EAJA to Claimant. Doc. No. 42.

On remand, the ALJ held that the evidence of record supported a decision on the record and issued a fully favorable decision to Claimant on December 9, 2022. Doc. No. 43 at 1. On January 1, 2023, the Commissioner sent a Notice of Award to Claimant of past-due benefits of $165,568.10 through December 2022; Claimant's counsel calculates that twenty-five percent of that award is $41,392.00. Doc. No. 43 at 1-3; Doc. No. 43-1 at 4. The Notice advises that the Commissioner is holding that amount in attorney's fees after payment of $7,200.00 in fees at the administrative level. Doc. No. 43-1 at 4, 5.

On January 27, 2023, Claimant's counsel filed an unopposed motion for an award of attorney's fees under 42 U.S.C. § 406(b) (the "Motion"). Doc. No. 43. In the Motion, Claimant's counsel requests a fee award of $34,192.00, with simultaneous refund to Claimant of the $5,619.27 counsel received in attorney's fees under the EAJA. *Id.* at 3-5. The amount requested is not in excess of twenty-five percent of past-due benefits, $41,392.00, minus the $7,200.00 counsel received in attorney's fees for representing Claimant before the Social Security Administration under § 406(a). *Id.*

## II. APPLICABLE LAW

Section 406(b)provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See id.*; § 406(b)(2). To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. The Eleventh Circuit has held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam). Because Claimant was awarded past-due benefits following remand (*see* Doc. No. 43-1), the Court may award attorney's fees under

§ 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520-21 (2019).

## III. ANALYSIS

### A. Fee Awards under § 406(b).

Counsel requests authorization to charge Claimant $34,192.00 in attorney's fees and represents that, "[i]f the Court awards fees under 42 U.S.C. [§] 406(b), the undersigned agrees that Plaintiff should receive the fees previously awarded under the EAJA motion." Doc. No. 43 at 3-5. Under the EAJA, Claimant was awarded $5,619.27 in attorney's fees. Doc. No. 42.

The amount authorized under § 406(b) must be reduced by the EAJA award. *Declet v. Comm'r of Soc. Sec.*, No. 6:20-cv-1219-DAB, 2022 WL 8199675, at *2 (M.D. Fla. June 27, 2022) (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (holding that district court erred in increasing the fee awarded under § 406(b) and ordering the claimant's attorney to refund the EAJA award to the client, and instead, "the district court could have simply awarded [the attorney] the difference between 25% of [the claimant's] past-due benefits and the amount of the EAJA fee")). The $34,192.00 in attorney's fees sought in this case must include a deduction for the previous $5,619.27 EAJA award; the net amount of $28,572.73 reflects the amount that remains available for attorney's fees. *See id.*

## B. Reasonableness of Contingent Fee.

To evaluate an attorney's petition under 42 U.S.C. § 406(b), the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989).

The contingency fee negotiated by Claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981; *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the

attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (citation omitted). Courts in the Middle District of Florida have adopted this analysis. *See McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718, 2008 WL 4710777, at *2-3 (M.D. Fla. Oct. 23, 2008).

Here, Claimant's counsel spent 26.93 hours on Claimant's case. Doc. No. 43 at 5; Doc. No. 43-3. As a result, the case was remanded for further proceedings, and Claimant was ultimately successful on his claim. Doc. No. 43-1. Counsel states that "[t]he case was complex in that Plaintiff was a younger aged individual as of the entitlement date of May 2014. Moreover, Plaintiff suffers from nerve root impingement at C5-6 with severe spinal canal stenosis and flattening of the cord, associated weakness and chronic cervical and lumbar pain." Doc. No. 43 at 3. Counsel further argues that "[t]he requested fee is not unreasonable considering

the contingent nature of the fee, the expertise of counsel in this field, the complexity of the case, the results obtained, and the fee normally authorized for similar services before the Administration." *Id.* at 5. Counsel has represented claimants before the Social Security Administration since 1993, and this work comprises 99% of his practice. *Id.*

The Agreement states that Claimant has agreed to pay attorney's fees equal to twenty-five percent of past-due benefits awarded to Claimant and his family. Doc. No. 43-2. After reviewing the Motion, the results obtained, and the Agreement, the Court finds an additional award of $28,572.73 in attorney's fees ($34,192.00 minus $5,619.27) is reasonable. *See Declet*, 2022 WL 8199675, at *3.

## IV.   CONCLUSION

It is **ORDERED** as follows:

1. The Unopposed Petition for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 43) is **GRANTED**; and

2. Counsel is authorized to charge and collect from Claimant the sum of $28,572.73.

It is so **ORDERED** on January 30, 2023.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties